KENNARD, J., Concurring.
Plaintiff Oasis West Realty, LLC (Oasis), hired attorney Kenneth A. Goldman and his law firm to assist Oasis in obtaining local government approval for a redevelopment project. About two years later, Goldman terminated the representation, and about two years after that, Goldman became involved in a public campaign opposing the very same redevelopment project. Specifically, Goldman solicited signatures for a petition to overturn the local government’s approval of the project. Oasis then sued Goldman and his law firm for breach of fiduciary duty, professional negligence, and breach of contract. Defendants moved to strike the complaint under Code of Civil Procedure section 425.16, which establishes a special procedure for early dismissal of SLAPP lawsuits, which are suits based on the defendant’s exercise of the right of petition or speech in connection with a public issue. SLAPP is an acronym for “strategic lawsuit against public participation.” (Equilon Enterprises v. ‘Consumer Cause, Inc. (2002) 29 Cal.4th 53, 57 [124 Cal.Rptr.2d 507, 52 P.3d 685].) The trial court denied defendants’ anti-SLAPP motion, and the Court of Appeal reversed.
I concur in the majority’s decision to reverse the judgment of the Court of Appeal, and I agree with most of the majority’s reasoning. Unlike the majority, however, I would not bypass the first step of the anti-SLAPP analysis.
The majority correctly explains: “The analysis of an anti-SLAPP motion . . . involves two steps. ‘First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one “arising from” protected activity. ([Code Civ. Proc.,] § 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim.’ (City of Cotati v. Cashman (2002) 29 Cal.4th 69, 76 [124 Cal.Rptr.2d 519, 52 P.3d 695].)” (Maj. opn., ante, at pp. 819-820.) The majority, however, skips the first step of that analysis. The majority states: “Ordinarily we would proceed to consider the two prongs in order. In light of this court’s ‘inherent, primary authority over the practice of law’ (Obrien v. Jones (2000) 23 Cal.4th 40, 57 [96 Cal.Rptr.2d 205, 999 P.2d 95]), however, we will proceed in these particular circumstances directly to the second prong, inasmuch as we have readily found that Oasis has demonstrated a probability of prevailing on its claims.” (Maj. opn., ante, at p. 820.)
I agree that Oasis has demonstrated a probability of prevailing on its claims. But I do not share the majority’s view that simply because Oasis’s *828 lawsuit concerns Goldman’s duties as an attorney and this court has “inherent, primary authority over the practice of law” (Obrien v. Jones, supra, 23 Cal.4th at p. 57), this court can readily dispense with the first step of the anti-SLAPP analysis and proceed directly to the second step. The majority’s approach would not be available to a Court of Appeal or a superior court, neither of which has primary authority over the practice of law.
The majority’s approach is particularly surprising here, because defendants have easily made the necessary showing that the action by Oasis is based on Goldman’s exercise of his constitutional right to free speech in connection with a public issue. Subdivision (e) of Code of Civil Procedure section 425.16 defines the phrase “ ‘act in furtherance of a person’s right of . . . free speech ... in connection with a public issue’ ” to include “any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law.” Here, Goldman solicited signatures for a petition to overturn a local government’s approval of a redevelopment project. It is hard to imagine conduct that more squarely fits the definition set forth in subdivision (e), and Oasis’s lawsuit is based directly on that conduct. If Goldman had not exercised his free speech rights in support of the petition—if instead he had kept his views to himself—the alleged injury to Oasis would not have occurred, and Oasis would have had no basis for a lawsuit against Goldman and his law firm.
This is not to suggest that constitutional protections of speech permitted Goldman to speak against the Oasis project with impunity. As an attorney, Goldman’s right to free speech was restricted insofar as it was adverse to a former client and concerned the same subject matter as the former representation. (See maj. opn., ante, at p. 825.) But the fact remains that Oasis’s lawsuit is based on Goldman’s exercise of the right of speech, and therefore the anti-SLAPP statute applies. To invoke that statute, a defendant need not go so far as to establish that the relevant speech or petition activity is constitutionally protected as a matter of law; if that were the rule, “ ‘then the [secondary] inquiry as to whether the plaintiff has established a probability of success would be superfluous.’ ” (Navellier v. Sletten (2002) 29 Cal.4th 82, 95 [124 Cal.Rptr.2d 530, 52 P.3d 703], quoting Fox Searchlight Pictures, Inc. v. Paladino (2001) 89 Cal.App.4th 294, 305 [106 Cal.Rptr.2d 906].) Rather, the defendant need only show the existence of a legitimate issue as to whether the speech or petition activity is constitutionally protected. (Flatley v. Mauro (2006) 39 Cal.4th 299, 311-320 [46 Cal.Rptr.3d 606, 139 P.3d 2].)
*829 I conclude that defendants here made the showing necessary to satisfy the first inquiry in the anti-SLAPP analysis, a step bypassed by the majority. Regarding the second inquiry, however, I agree with the majority that Oasis has shown a probability of prevailing, and therefore the trial court was correct to deny defendants’ anti-SLAPP motion. Accordingly, I concur in the majority’s judgment.
Doi Todd, J.,* concurred.

 Associate Justice of the Court of Appeal, Second Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.